UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KEVIN M. PIPPIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Nos. 3:15-CR-69-RLJ-HBG |
| v. | ) | 3:16-CV-681-RLJ-HBG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner previously filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [Doc. 1].[1] This case has been referred [Doc. 5] by the District Judge to the undersigned for a report and recommendation regarding disposition of Petitioner's claim that his former counsel failed to file a requested appeal. An evidentiary hearing was held on June 3, 2021. Assistant United States Attorney Matthew Morris appeared on behalf of the Government. Attorney Mark Brown appeared on behalf of Petitioner, who was also present. For the reasons set forth herein, the Court **RECOMMENDS** that the sole remaining claim in Petitioner's § 2255 motion be **DENIED**.

**I.  BACKGROUND**

After Petitioner's March 6, 2015 arrest on a criminal complaint, a federal grand jury indicted him for one count of distributing child pornography and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 18 U.S.C. § 2252A(a)(5)(B),

---

[1] Unless otherwise indicated, all citations to the record are found on the docket of Case No. 3:16-cv-681-RLJ-HBG.

respectively [Docs. 1, 2, and 8, Case No. 3:15-CR-69].[2] Assistant Federal Defender Paula Voss and the Federal Defender Services of Eastern Tennessee ("FDSET") were appointed to represent him. [Doc. 4, Case No. 3:15-CR-69]. On July 27, 2015, Petitioner entered guilty pleas to both counts of the indictment, without the benefit of a plea agreement [Doc. 18, Criminal Minutes, Case No. 3:15-CR-69]. The Court accepted Petitioner's guilty plea and allowed him to remain free on bond [*Id.*]. Upon the Court's referral [*Id.*], the United States Probation Office issued a presentence report, which was revised thereafter [Doc. 46, PSR, Case No. 3:15-CR-69].

On June 23, 2016, the Court sentenced Petitioner to 124-months' imprisonment, to be followed by fifteen years of supervised release, with 17 special conditions attached to the supervised release term [Doc. 48, Judgment, Case No. 3:15- CR-69]. Relevant to this § 2255 motion, the special supervised release condition of not on possessing or using a computer with access to the Internet, which was recommended in the presentence report was included in the judgment as the twelfth special condition of supervision [*Id.* at 5]. Petitioner did not pursue a direct appeal [Doc. 1 at 1], but instead filed a timely pro se § 2255 motion to vacate [*Id.*]

In Petitioner's first claim, he alleges ineffective assistance of counsel because Attorney Voss "made no objection when the Court imposed upon [him] the special condition banning him from using a computer and/or the Internet for 15 years on supervised release" (Special Condition #12). [*Id.* at 3]. Petitioner maintains that a district court must adequately state in open court its rationale for mandating special conditions of supervised release and that the challenged special condition did not "reasonably relate to the nature of [his] offense and [to his] history and characteristics." [*Id.* at 3-4]. However, District Judge Jordan found that Petitioner's first claim

---

[2] The undersigned largely incorporates the applicable background set forth in District Judge Jordan's order dismissing the first claim in Petitioner's § 2255 petition and referring this matter to the undersigned for an evidentiary hearing on Petitioner's second claim. [Doc. 5].

2

of ineffective assistance of counsel lacked merit and provided no basis for collateral relief. [Doc. 5 at 12].

In Petitioner's second claim, Petitioner asserts that Attorney Voss failed to file a requested direct appeal. [Doc. 1 at 6]. Petitioner asserts that after he was sentenced, he turned to Attorney Voss and "gave the directive: 'Appeal,'" to which Attorney Voss responded, "Okay." [*Id.* at 2]. Ultimately, District Judge Jordan referred this matter to the undersigned for an evidentiary hearing, the appointment of counsel to assist Petitioner in presenting his case at the evidentiary hearing, and a report and recommendation as to the merits of the claim that Attorney Voss failed to file a requested appeal. [Doc. 5 at 14]. Subsequently, the Court appointed Attorney Brown to represent Petitioner in the evidentiary hearing. [Doc. 7].

As detailed above, the evidentiary hearing was held on June 3, 2021.[3] Petitioner testified on his own behalf, while Attorney Voss was called to testify by the Government. Following the hearing, both parties submitted supplemental briefing [Doc. 11 and 12].

## II. SUMMARY OF THE TESTIMONY

During the July 3 hearing, Petitioner acknowledged that he was convicted of the possession of child pornography, that he was represented by Attorney Voss, and that he has close to four years remaining in his sentence. [Doc. 10 at 5–6]. Petitioner testified that he completed the § 2255 motion, that he signed the petition on December 6, 2016, and that everything in the petition was true. [*Id.* at 7]. Next, Petitioner testified that he pled guilty in the underlying criminal case by entering a guilty plea in court, and that after the plea hearing was over, he did not go into custody and continued to reside at his parents' home. [*Id.* at 8–9]. Petitioner stated that he understood that his jail sentence was going to be followed by a term of supervised release

---

[3] The transcript [Doc. 10] of the evidentiary hearing was filed on June 11, 2021.

with conditions, but that he was not aware of the condition that prohibited him from having access to a computer with Internet access. [*Id.* at 9].

When reviewing his June 22, 2016 sentencing hearing, Petitioner testified that after the sentencing hearing, "I asked her [Attorney Voss] about an appeal, and she said I could get, I could possibly get more time, and so I just dropped it at that point 'cause I did not want more time." [*Id.* at 10]. Petitioner stated that after the sentencing hearing, he was allowed to self-report for his sentence, but that he did not recall receiving any correspondence from Ms. Voss. [*Id.*]. Additionally, Petitioner testified that he was concerned about the special condition prohibiting Internet access because he is a recording engineer and this position requires him to use a computer. [*Id.* at 11]. Petitioner then acknowledged certain disciplinary issues while he has been incarcerated. [*Id.* at 12]. Lastly, Petitioner testified that he did not discuss an appeal, or the advantages or disadvantages of an appeal, with Attorney Voss at any point in his case other than following his sentencing hearing. [*Id.* at 12–13].

On cross-examination, Petitioner first stated that he did not specifically recall whether Attorney Voss went over the presentence report with him, as well as that he has a high school education. [*Id.* at 13]. Petitioner proceeded to review his employment history, including working at a recording studio. [*Id.* at 14]. Petitioner testified that he remembered Attorney Voss being appointed to represent him, that she represented him throughout the entire case, and that he was allowed to be released on bond during this time. [*Id.* at 15]. Petitioner stated that throughout the proceedings, he discussed his case with Attorney Voss several times, went to her office one time, and that she discussed the presentence report with him. [*Id.* at 16]. Further, Petitioner testified that he recalled Attorney Voss assisting him in obtaining a sentence that was below the guideline range that was provided for in the presentence report. [*Id.* at 16–17].

4

Next, Petitioner stated that he prepared the § 2255 petition in this case, including the language that he turned to Attorney Voss and gave the directive to file an appeal, and she responded "Okay." [*Id.* at 17]. The Government proceeded to question Petitioner about the petition:

> Q: Now, you testified different than what you put in here today, didn't you?
> A: A little – that's what I remember though.
> Q: But now you have a different recollection? You recall your testimony today that you discussed with her appealing and she discussed with you that you might get more time?
> A: That was her exact words.
> Q: Okay. Well, why is it not in this that you filed back in 2016?
> A: I just didn't put her exact words in there.
> Q: Well, there's quotation marks. You used quotation marks around what you said, one word, "appeal," and quotation marks around what her response was, "Okay."
> A: Correct.
> Q: And that's all?
> A: Okay.
> Q: And so that indicates to us, would you agree with me, that those are the two words that were said?
> A: They were, but they – it could have been okay, but you get more time.

[*Id.* at 18]. Petitioner then stated that he had read the Government's response to his § 2255 motion, but that he was not aware of the Government's position that "appeal" and "okay" might not be sufficient. [*Id.* at 19].

Petitioner testified that after his sentencing, he remained on bond for about a month before self-reporting for his incarceration. [*Id.* at 19–20]. However, Petitioner stated that he did not follow up with Attorney Voss about his request to appeal despite being told by District Judge Jordan at his sentencing hearing that he had a right to an appeal. [*Id.* at 20]. The Government asked Petitioner whether "despite knowing the importance" of his appeal, that he "never

5

followed up on that purported one word directive to appeal and a one-word response," to which Petitioner responded, "It was really 'cause I was scared of getting more time." [*Id.*]. Petitioner repeated that he asked for an appeal and that Attorney Voss said that he could get more time. [*Id.*]. Additionally, Petitioner testified that he did not recall receiving any correspondence from Attorney Voss after the sentence was imposed. [*Id.* at 20–21]. Lastly, Petitioner reviewed his disciplinary issues for using drugs in prison, as he tested positive for Suboxone. [*Id.* at 21]. On redirect examination, Petitioner stated that he had help preparing the § 2255 motion in prison but that he typed it himself. [*Id.* at 22].

The Government then presented the testimony of Attorney Voss. [*Id.* at 23]. Attorney Voss stated that she was currently retired, but that she previously worked with the FDSET. [*Id.* at 24]. Attorney Voss testified that she believed that Petitioner's case was the only one that she was successfully able to argue that a defendant should be allowed to remain on bond if he had been charged with child exploitation offenses. [*Id.* at 25]. Attorney Voss stated that in the course of representing Petitioner, she met with him several times, including before the first hearing. [*Id.* at 25–26]. Attorney Voss testified that on Petitioner's release, she did not believe that she would have met with him again until it was time to review the provided discovery. [*Id.* at 26]. Here, Attorney Voss testified that after reviewing discovery, this would be the occasion in which she would discuss a defendant's options of going to trial and pleading guilty, which would include significant time discussing potential defenses and benefits to pleading guilty. [*Id.*]. Attorney Voss stated that she recalled Petitioner pleading guilty without a plea agreement and that his case was fairly routine. [*Id.*].

Next, Attorney Voss stated that she probably would have met with Petitioner prior to his change of plea hearing, as well as that Petitioner was allowed to remain free on bond because he

has health problems, so she probably met with him that morning. [*Id.* at 27]. However, Attorney Voss also testified that she would have talked to him on the phone several times before meetings. [*Id.*]. Attorney Voss testified that in discussing various plea options, she would have discussed with him the difference in retaining appellate rights if he pled without a plea agreement versus waiving them as a part of a plea agreement. [*Id.*]. Attorney Voss stated that she was sure she met with Petitioner after receiving the presentence report, but that she probably would not have directly consulted him in preparation of the sentencing memorandum. [*Id.* at 28]. Attorney Voss testified that she argued that a defendant should not receive an enhancement or a specific offense characteristic for the use of a computer, and that Petitioner's sentencing range was reduced by two levels. [*Id.*].

However, Attorney Voss testified that she did not have a specific memory of Petitioner asking her to file an appeal. [*Id.* at 29]. Attorney Voss stated that based on her practice, when defendants direct her to appeal, it is something that is important and something that she certainly would do. [*Id.*]. Attorney Voss testified that she would not have failed to file a notice of appeal if Petitioner asked her to, as well as that her office would usually send a defendant a closing letter and copy of the judgment following the imposition of sentencing. [*Id.* at 30]. Additionally, Attorney Voss testified that she did not recall Petitioner ever reaching out to her following his sentencing hearing and requesting that she file an appeal on his behalf. [*Id.*].

On cross-examination, Attorney Voss stated that she received a subpoena to testify at the evidentiary hearing. [*Id.* at 31]. Additionally, Attorney Voss testified that the condition with respect to the use of a computer at issue was part of a Standing Order in this District, and at the time of Petitioner's sentencing, there would have been standing orders that would have been written out verbatim in the presentence report. [*Id.*]. Attorney Voss stated that she goes through

7

Case 3:15-cr-00069-RLJ-HBG Document 60    Filed 07/06/21    Page 7 of 14    PageID #: 467

the entire presentence report, including conditions of supervised release, with her clients, but that she did not specifically recall doing that in the present case. [*Id.* at 32]. Further, Attorney Voss testified that it was more likely that she also left a copy of the presentence report with Petitioner, as he was not detained, as she did not encourage defendants in jail to keep their presentence reports because they could result in danger to them or risk information being disclosed. [*Id.* at 32–33].

### III. POSITIONS OF THE PARTIES

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2255 because Attorney Voss failed to file a direct appeal on his behalf. [Doc. 1 at 6]. Specifically, Petitioner submits that Attorney Voss provided presumptively ineffective assistance of counsel by failing to file the notice of appeal "which she essentially agreed to when she responded affirmatively to his directive, 'Appeal,' right after the Court provided the sentence." [*Id.* at 7]. The Government initially responded that "a factual dispute exists regarding whether [P]etitioner specifically instructed counsel to file an appeal." [Doc. 2 at 6].

In his post-hearing brief, Petitioner asserts that Attorney Voss "was ineffective in failing to file an imposition of Special Condition Number 12 as part of his supervised release." [Doc. 11 at 2]. Petitioner maintains that under the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), Attorney Voss' performance was deficient because he asked her to file an appeal, "or at the very least his attorney failed to consult with him about an appeal through her representation." [*Id.* at 4]. Petitioner states that he testified that he did not know of the prohibition against the use of a computer without the approval of his probation officer until after he was sentenced. Petitioner cites to his testimony and Attorney Voss' testimony at the evidentiary hearing about his alleged request for an appeal.

8

Moreover, while Petitioner acknowledges some ambiguity in his request, he alleges that this potential ambiguity is not fatal to his claim, as "even where a defendant does not specifically ask for an appeal, counsel's performance can still violate the *Strickland* test," citing to *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). [Doc. 11 at 7]. Petitioner maintains that the testimony establishes that "there was no constant communication about an appeal" between him and Attorney Voss. [*Id.* at 10]. Therefore, Petitioner claims that he has met the first prong of the *Strickland* test—establishing the deficient performance of Attorney Voss.

Next, Petitioner claims that he has been prejudiced by the ineffective assistance of counsel, as "[p]ursuant to the special conditions of his Supervised Release, [he] is subject to a condition that he cannot use a computer with internet access or any other online computer service at any location, including employment, without the approval of his probation officer for the entire fifteen (15) years of his supervised release." [*Id.* at 11]. Petitioner asserts that although this condition does not appear to have been challenged in a case from this District, he need only show a chance of success on appeal, and thus "the failure to file an appeal to challenge this condition prejudices [Petitioner], and is a basis for § 2255 relief." [*Id.*].

The Government responds that based on the testimony at the evidentiary hearing, Petitioner "has not shown that he specifically directed Ms. Voss to appeal." [Doc. 12 at 2]. Additionally, the Government claims that based on the "inconsistencies between [P]etitioner's assertions in the motion and his own testimony, the Court could reasonably deem [P]etitioner not credible." [*Id.* at 3]. Lastly, the Government alleges that the testimony established that Petitioner changed his mind about appealing after consulting with Attorney Voss, and points to her testimony that she would have filed an appeal had one been requested.

9

## IV. ANALYSIS

In pertinent part, Section 2255(a) of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside the sentence, if "the sentence was imposed in violation of the Constitution." In order to obtain relief for an alleged constitutional error, the record must reflect a constitutional error of such magnitude that it "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). The burden is on the petitioner to establish the claims arising out of the petition. *Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977).

When the alleged constitutional error is ineffective assistance of counsel, the petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). That is, the petitioner must: (1) establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland,* 466 U.S. at 687, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005); and (2) demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694.

In the context of an appeal, "it is 'professionally unreasonable' for a lawyer to fail to file an appeal when specifically instructed to do so." *Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003) (quoting *Flores–Ortega*, 528 U.S. at 477). In *Flores–Ortega* the Supreme Court held that an attorney's failure to perfect a direct appeal upon his client's request is a per se Sixth Amendment violation. 528 U.S. at 477. Therefore, if counsel fails to file a

direct appeal upon request, a defendant is entitled to a delayed appeal without having to show any likelihood of success on the merits.  *Id.*; *see Regalado*, 334 F.3d at 525.

Absent explicit instructions to appeal, an attorney is only required to consult with his client about the advantages and disadvantages of an appeal and ascertain the client's wishes.  *Regalado*, 334 F.3d at 525.  "If consultation occurred, then '[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal.'"  *Id.* (quoting *Flores–Ortega,* 528 U.S. at 478).  However, if counsel failed to consult with his client, then the court must address whether this alone is indicative of deficient performance.  *Id.*

In this case, the Court finds that Petitioner failed to meet his burden to prove by a preponderance of the evidence that he specifically requested Attorney Voss to file an appeal on his behalf.  Rather, the Court finds that Petitioner's testimony establishes that at most he expressed a potential desire to file an appeal, but that he did not specifically instruct Attorney Voss to do so.  "Expressing a desire to appeal is not the factual or legal equivalent of specifically instructing counsel to appeal."  *United States v. Taylor*, No. 6:07–12–DCR, 2008 WL 4829873, at *7 (E.D. Ky. Nov. 5, 2008); *see also Regalado*, 334 F.3d at 525 ("But although Regalado *expressed her desire* to file an appeal, she did not *specifically instruct* [counsel] to do so.") (emphasis added); *United States v. Hitchcock*, No. 1:08-cr-1-04, 2009 WL 3754394, at *7 (W.D. Mich. Nov. 5, 2009) (defendant's statement that he "wished to exercise right to appeal" or making his "desire to appeal" known is not the same as specifically instructing a notice of appeal be filed).

At the evidentiary hearing, Petitioner acknowledged that Attorney Voss reviewed the presentence report with him.  Further, Petitioner critically testified that after the alleged explicit

11

request of an appeal, he "just dropped it at that point [be]cause [he] did not want more time." [Doc. 10 at 10]. Petitioner testified that he did not follow up about the appeal because he was scared of receiving additional time on his sentence. [*Id.* at 20]. Contrary, Attorney Voss testified that she did not remember Petitioner requesting an appeal, but that she would have filed an appeal whenever requested by a defendant. The Court further finds Petitioner's credibility on the matter questionable due to other inconsistencies made by Petitioner. In his petition, Petitioner states that Attorney Voss simply responded "Okay," but failed to detail the underlying conversation regarding the potential risk of an increased sentence on appeal. The inconsistencies between what Petitioner alleges in his motion and what he testified to during the hearing diminishes Petitioner's claim that he requested Attorney Voss to file an appeal. Ultimately, under controlling Sixth Circuit authority in *Regalado*, the Court cannot find that Petitioner "specifically instruct[ed]" Attorney Voss to file an appeal. 334 F.3d at 525.

However, Petitioner claims that Attorney Voss failed to consult with him about an appeal throughout her representation. "If the petitioner did not specifically direct his attorney to file an appeal, a reviewing court must inquire whether the attorney consulted with the petitioner regarding the advantages and disadvantages of appealing and made a reasonable effort to determine the petitioner's wishes." *Bolden v. United States*, No. 2:08-CR-30, 2011 WL 6291794, at *12 (E.D. Tenn. Dec. 15, 2011) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000)). "If the attorney did not consult with the petitioner, the court must further inquire whether the attorney had the affirmative duty to consult." *Id.*

Here, Petitioner has failed to meet his burden to establish that Attorney Voss failed to consult with him about the filing of an appeal. Rather, his testimony establishes that Attorney Voss advised him "about the advantages and disadvantages of taking an appeal." *Flores-Ortega*,

12

528 U.S. at 478. Petitioner stated that following his sentencing hearing, Attorney Voss discussed that he would potentially receive an increased sentence if he filed an appeal. Petitioner testified that he then dropped the issue of an appeal because he was worried about receiving an increased sentence. The risk of an increased sentence was of particular importance in this case because both parties acknowledge that Petitioner received a sentence that was well below the guideline range set forth in the presentence report. Petitioner testified that Attorney Voss reviewed the presentence report with him, while Attorney Voss stated that she would discuss options about potential pleas, as well as its advantages and disadvantages, after reviewing discovery. Further, Attorney Voss stated that she likely met with Petitioner before his change of plea hearing to review his potential options. Lastly, Attorney Voss testified that her office would usually send a defendant a closing letter and copy of the judgment following the imposition of sentencing and that she did not recall Petitioner ever reaching out to her following his sentencing hearing and requesting that she file an appeal on his behalf. Therefore, the Court finds that Attorney Voss appropriately consulted with Petitioner about the filing of an appeal.

When consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to the appeal." *Id*. As detailed above, the Court finds that Petitioner did not expressly instruct Attorney Voss to file an appeal, and therefore Petitioner's ineffective assistance of counsel claim fails the first prong of the *Strickland* test. Accordingly, the Court need not address *Strickland*'s second prong.

## V. CONCLUSION

For the reasons expressed herein, the Court **RECOMMENDS**[4] that the sole remaining claim in Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [**Doc. 1**] regarding Petitioner's claim that Attorney Voss failed to file a requested appeal be **DENIED**.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).