UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KEVIN M. PIPPIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 3:15-CR-069 |
| | )      3:16-CV-681 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Kevin M. Pippin ("Petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging two grounds of ineffective assistance by his trial attorney. [Doc. 1]. His first claim for relief was denied and dismissed by this Court. [Doc. 5]. The undersigned referred this matter to United States Magistrate Judge H. Bruce Guyton for an evidentiary hearing on Petitioner's second claim – whether his former counsel failed to file a requested appeal. [*Id.*].

Magistrate Judge Guyton conducted an evidentiary hearing on June 3, 2021, receiving testimony from Petitioner and Petitioner's trial counsel, Paula Voss ("Attorney Voss"). Following the hearing, Magistrate Judge Guyton allowed the parties to file supplemental briefing. [Docs. 11 & 12]. On July 6, 2021, Magistrate Judge Guyton issued his Report and Recommendation ("R&R"). [Doc. 13] Therein, the magistrate judge determined that Petitioner failed to meet his burden to establish that Attorney Voss failed to consult with him about filing an appeal. [*Id.* at 12]. Further, Petitioner's testimony was

found to be inconsistent with his filings, and Magistrate Judge Guyton questioned the credibility of Petitioner's testimony. [*Id*.]. The magistrate judge also found that Attorney Voss had appropriately consulted with Petitioner about filing an appeal. [*Id*. at 13]. In light of these findings, Magistrate Judge Guyton recommended that the Court deny Petitioner's § 2255 motion as to the second ground for relief.

Petitioner objected to the R&R, and the United States has responded to those objections. [Docs. 14 & 15]. The matter is now ripe for determination. A transcript of Magistrate Judge Guyton's evidentiary hearing has been filed [Doc. 10] and has been carefully reviewed by the Court. For the reasons that follow, the Court will adopt the Report and Recommendation in full. Petitioner's second ground for relief will be **DENIED** and his § 2255 motion to vacate [Doc. 1] will be **DISMISSED**.

**I.  BACKGROUND**

The indictment in this case charged Petitioner with two counts related to possession and distribution of child pornography, along with forfeiture allegations. [Criminal "Crim" Doc. 8]. Petitioner, represented by Attorney Voss, pled guilty to the indictment without a plea agreement on July 27, 2015. [Crim. Doc. 18]. The Court sentenced Petitioner to 124 months' imprisonment on each count, to be served concurrently. [Crim. Doc. 48]. Petitioner did not file an appeal.

In December 2016, Petitioner filed this § 2255 motion, raising two grounds for relief.[1] [Doc. 1]. This memorandum, like Magistrate Judge Guyton's Report and

---

[1] Petitioner filed the motion *pro se*. He was, however, represented by appointed counsel at the June 3 evidentiary hearing, and his objection to the R&R is filed by counsel.

Recommendation, addresses only the second of those grounds.

## II. AUTHORITY

District courts are both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). District courts need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Courts must presume that counsel's assistance was effective, and petitioners bear the burden of showing otherwise. *See Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

In the context of an appeal, there is a long-established rule "that a lawyer who

3

disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In a case such as this, where Petitioner neither told his attorney to file an appeal nor told her not to file an appeal, courts must evaluate the attorney's performance by asking whether the attorney "consulted" with the defendant about the benefits and drawbacks of filing an appeal. *Id.* at 478. Consultation occurs when the attorney "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Id.* If consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal." *Id.* (emphasis added). If counsel failed to consult with her client, then the court must address whether the failure to consult constitutes deficient performance. *See id.*

**III. Analysis**

As noted above, the second claim in Petitioner's § 2255 motion alleges that trial counsel was ineffective for failing to file an appeal after Petitioner requested her to do so. [Doc. 1]. As also noted above, Magistrate Judge Guyton found that Petitioner did not satisfy his burden to show that he specifically requested Attorney Voss to file an appeal and founds that Attorney Voss appropriately consulted with Petitioner about filing an appeal. [Doc. 13, p. 13].

The magistrate judge concluded,

> Petitioner stated that following his sentencing hearing, Attorney Voss discussed that he would potentially receive an increased sentence if he filed an appeal. Petitioner testified that he then dropped the issue

4

of an appeal because he was worried about receiving an increased sentence. The risk of an increased sentence was of particular importance in this case because both parties acknowledge that Petitioner received a sentence that was well below the guideline range set forth in the presentence report. Petitioner testified that Attorney Voss reviewed the presentence report with him, while Attorney Voss stated that she would discuss options about potential pleas, as well as its advantages and disadvantages, after reviewing discovery. Further, Attorney Voss stated that she likely met with Petitioner before his change of plea hearing to review his potential options. Lastly, Attorney Voss testified that her office would usually send a defendant a closing letter and copy of the judgment following the imposition of sentencing and that she did not recall Petitioner ever reaching out to her following his sentencing hearing and requesting that she file an appeal on his behalf. Therefore, the Court finds that Attorney Voss appropriately consulted with Petitioner about the filing of an appeal.

[Doc. 13, p. 13] (internal citations omitted).

Petitioner, through counsel, filed three objections to the R&R:

1) the authority cited by Magistrate Judge Guyton, *Regalado v. United States*, 334 F.3d 520 (6th Cir. 2003), is not controlling and does not support the finding that Petitioner filed to specifically instruct Attorney Voss to file an appeal as there was never a discussion between Attorney Voss and Petitioner about an alternative to an appeal;

2) Magistrate Judge Guyton took "an entirely too expansive view of 'consultation,'" as the record does not show that Petitioner and Attorney Voss were constantly, or consistently, discussing an appeal; and

3) it was erroneous of Magistrate Judge Guyton not to consider the second prong of *Strickland* as the court erred in determining that Petitioner failed to establish the first prong of *Strickland*.

5

[Doc. 14]. The United States responded that Magistrate Judge Guyton did not err in relying on *Regalado* as "Petitioner and Ms. Voss discussed the possibility that Petitioner would receive a longer sentence if an appeal was successful," which amounts to an alternative to appealing Petitioner's sentence. Thus, the United States argues, consultation occurred, and Petitioner did not specifically direct Attorney Voss to appeal following the consultation. [Doc. 15]. The United States also argues that the discussion regarding the appeal does not need to be constant or consistent as Petitioner contends since the law only requires that a consultation occur. [*Id*.].

At the evidentiary hearing, Petitioner's testimony regarding his conversation with Attorney Voss about filing an appeal at his sentencing hearing differed from his pleadings. In his § 2255 motion, Petitioner stated, "[i]mmediately following the Court's pronouncement of the sentence, Defendant turned to counsel and gave the directive: 'Appeal.' Counsel responded, 'Okay.' However, Defendant recently learned that she failed to do so…" [Doc. 1, p. 2]. At the evidentiary hearing, Petitioner testified that after the sentencing hearing he "asked her [Attorney Voss] about an appeal, and she said I could get, I could possibly get more time, and so I just dropped it at that point 'cause I did not want more time." [Doc. 10, p. 10]. Petitioner could not recall whether he received a letter from Attorney Voss after sentencing regarding filing an appeal but stated that he is sure the undersigned informed him of his right to appeal his sentence. [*Id*.]. Petitioner further testified that he did not have any other conversation with Attorney Voss about an appeal other than the one at his sentencing hearing. He did not follow up with her about an appeal in the month between his sentencing hearing and when he self-reported to begin his

6

sentence because he "was scared of getting more time". [*Id*., at 12-13, 20].

Attorney Voss also testified at the hearing regarding whether Petitioner directed her to file an appeal. She testified that she "does not have a specific memory of [Petitioner asking her to file an appeal]," but it is something she "certainly would" do if she had been directed to do so by Petitioner. [*Id*., at 29]. Attorney Voss also testified that usually a closing letter and a copy of the judgment is sent to defendants following sentencing, but she does not recall Petitioner reaching out to her after the sentencing hearing about filing an appeal. [*Id*., at 30].

As stated above, counsel's performance might be deficient if, after consultation, counsel neglects to file an appeal after specific instructions from a defendant to do so. Here, the record supports Magistrate Judge Guyton's conclusions that Attorney Voss consulted with Petitioner about an appeal as Attorney Voss advised Petitioner that filing an appeal would likely result in a higher sentence than he had received. Petitioner then decided not to file an appeal because he was "scared of getting more time." Further, Petitioner did not specifically request that Attorney Voss file an appeal on his behalf following this consultation and made no further efforts to inquire about appealing or filing an appeal *pro se*.

The Court does not find Petitioner's argument that the Court erred in relying on *Regalado* as authority to be persuasive. Here, as in *Regalado*, Petitioner expressed a desire to appeal, had a consultation with counsel about the effects of appealing his sentence, and did not specifically direct his counsel to file an appeal. *See Regalado*, 334 F.3d 520. The Sixth Circuit found that counsel had not performed deficiently in that case, and this Court

7

finds the same here. As Petitioner has not met his burden to establish deficient performance of counsel, the Court need not address the prejudice prong of the *Strickland* standard, and Magistrate Judge Guyton did not err in declining to address it in the R&R. *Strickland*, 466 U.S. 668.

## IV.  CONCLUSION

After a thorough review of the Report and Recommendation [Doc. 13], the hearing transcript, and the parties' filings, the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation [Doc. 13] in its entirety. Petitioner's objections [Doc. 14] to the Report and Recommendation are **OVERRRULED**. Accordingly, ground two of Petitioner's 28 U.S.C. § 2255 motion [Doc. 1; Crim Doc. 52] is **DENIED** and **DISMISSED**.

The Clerk is **DIRECTED** to close the civil file.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge